IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAIME ESPINOZA,

          Petitioner,              No. CIV S-08-2207 GGH P

  vs.

J. HARTLEY, et al.,

          Respondents.      <u>ORDER</u>

_____/

         Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner has paid the filing fee.

         Petitioner is presently incarcerated at Avenal State Prison in Kings County. Petitioner challenges the 2006 decision by the Board of Parole Hearings (BPH) finding him unsuitable for parole.

         It is established that a petitioner for habeas corpus relief under 28 U.S.C. § 2254 must name "the state officer having custody of him or her as the respondent to the petition." <u>Stanley v. Cal. Supreme Court</u>, 21 F.3d 359, 360 (9th Cir.1994).  The U.S.Supreme Court recently reiterated that with certain infrequent exceptions not applicable here:

         The federal habeas statute straightforwardly provides that the
         proper respondent to a habeas petition is "the person who has

1

custody over [the petitioner]." 28 U.S.C. § 2242; see also § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained"). The consistent use of the definite article in reference to the custodian indicates that there is generally only one proper respondent to a given prisoner's habeas petition. This custodian, moreover, is "the person" with the ability to produce the prisoner's body before the habeas court. *Ibid.* We summed up the plain language of the habeas statute over 100 years ago in this way: "[T]hese provisions contemplate a proceeding against some person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary." *Wales v. Whitney*, 114 U.S. 564, 574, 5 S.Ct. 1050, 29 L.Ed. 277 (1885) (emphasis added); see also *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 494-495, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973) ("The writ of habeas corpus" acts upon "the person who holds [the detainee] in what is alleged to be unlawful custody," citing *Wales,* supra, at 574, 5 S.Ct. 1050); *Braden,* supra, at 495, 93 S.Ct. 1123 ("'[T]his writ ... is directed to ... [the] jailer,'" quoting In the *Matter of Jackson*, 15 Mich. 417, 439- 440 (1867)).  In accord with the statutory language and *Wales*' immediate custodian rule, longstanding practice confirms that in habeas challenges to present physical confinement–"core challenges"--the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, *not the Attorney General or some other remote supervisory official.*

Rumsfeld v. Padilla, 542 U.S. 426, 434-435, 124 S.Ct. 2711, 2717-2718 (2004) (emphasis added) (refusing to recognize the Secretary of Defense as the custodian of military detainees, and finding that the commander of the brig where Padilla was being held is the proper custodian).

See also Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992) ("A custodian 'is the person having a day-to-day control over the prisoner.  That person is the only one who can produce 'the body' of the petitioner." Guerra v. Meese, 786 F.2d 414, 416 (D.C.Cir.1986) (Parole Commission is not custodian despite its power to release petitioner).  But see Ortiz-Zandoval v. Gomez, 81 F.3d 891 (9th Cir. 1996) permitting the head of California Corrections to be the proper custodian, but this case is in doubt after Padilla which held that a remote supervisory official was not to be the custodian).

Thus, the proper custodian is the warden or sheriff in charge of the facility where the prisoner is confined.  Because petitioner is incarcerated in Kings County which is located in

1   the Fresno Division of the Eastern District, the court orders this action transferred to the Fresno

2   Division.

3           Good cause appearing, IT IS HEREBY ORDERED that:

4           1.  This action is transferred to the United States District Court for the Eastern

5   District of California sitting in Fresno; and

6           2.  All future filings shall reference the new Fresno case number assigned and

7   shall be filed at:

8           United States District Court
            Eastern District of California
9           2500 Tulare Street
            Fresno, CA 93721
10

11  DATED:  10/17/08

12                                          /s/ Gregory G. Hollows
                                            _____
13                                          UNITED STATES MAGISTRATE JUDGE

14  espin2207.tra

15

16

17

18

19

20

21

22

23

24

25

26