UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMIE ESPINOZA, | ) | 1:08-cv-01560 AWI YNP DLB HC |
| Petitioner, | ) | |
| v. | ) | ORDER GRANTING MOTION TO DISMISS |
| | ) | [Doc. #18] |
| JAMES HARTLEY, Warden | ) | |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On April 3, 2009, Respondent filed an answer to the petition. (Doc. #15).  On May 1, 2009, Petitioner filed a traverse to Respondent's answer. (Doc. #16).

On July 7, 2009, Petitioner filed a notice of voluntary dismissal of is petition, which the Court hereby construes as a motion to dismiss. (Doc. #18).  Petitioner states he wishes to voluntarily dismiss the petition to "save the courts work and money."

Pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure, "an action may be dismissed by the [Petitioner] without order of court by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first

occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, . . . ." Except as provided above, any "action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. Pro. 41(a)(2). Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the "Federal Rules of Civil Procedure, to the extent that they are not inconsistent with these rules, may be applied, when appropriate, to petitions filed under these rules."

Respondent has already filed a responsive pleading and there has been no stipulation of dismissal signed by all parties; therefore, this petition can only be dismissed by court order. The Court does not see any reason why dismissal in this case would not be proper, accordingly, Petitioner's motion to dismiss his petition is hereby GRANTED.

IT IS ORDERED that the petition BE DISMISSED without prejudice. Petitioner is forewarned that the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a statute of limitations of one year in which a petitioner must file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1).

IT IS SO ORDERED.

**Dated:   July 6, 2009**          /s/ **Dennis L. Beck**
                                 UNITED STATES MAGISTRATE JUDGE